[No. 14625.   Department Two. — July 22, 1892.]

## CHARLOTTE CRESWELL ET AL., APPELLANTS, v. WILLIAM H. WELCHMAN ET UX., RESPONDENTS.

DEED BY AGED WOMAN TO NEPHEW — CONSIDERATION — PREVENTION OF SUPPORT — CANCELLATION. — Where a woman nearly seventy years of age, with no children or relatives in this state, made a deed reserving a life estate in herself, and granting a remainder in fee of her real estate to her nephew, who, at her request, came to this state from New Jersey, at his own expense, to live with her, take care of her, attend to her business, and improve her home, and make it more comfortable, in consideration of the deed, and it appears that she was, at the time of the making of the deed, of sound mind, and executed and delivered it voluntarily, in the absence of fraud or undue influence, and that the nephew and his wife in good faith came to this state to make their home with her, and cared for her, and spent four hundred dollars in repairing and enlarging the house, when she changed her mind, and would not permit them to remain, through no fault of theirs, and that after they left they offered to send her money if she needed it, or to return and rent the property, which offer she refused because she had remarried, the deed will not be set aside at suit of herself and husband.

APPEAL from a judgment of the Superior Court of Ventura County, and from an order denying a new trial.

The facts are stated in the opinion.

*Blackstock & Shepherd*, for Appellants.

*Orestes Orr*, and *Orr & Hall*, for Respondents.

BELCHER, C. — In August, 1888, the plaintiff Charlotte Creswell, then Charlotte Bath, was left a widow by the death of her husband, Joseph Bath. She was then nearly seventy years of age, and had no children and no relatives in this state. She owned thirty-seven acres of farming land in the county of Ventura, on which she was living, and a lot in the town of Santa Paula, the whole being of the value of about four thousand dollars. At her request, the defendant William H. Welchman, who was her nephew, and was then residing in the state of New Jersey with his wife, the other defendant, came to this state to live with and take care of her. They arrived at her home about the 1st of February, 1889, and on the twelfth of that month she, for the expressed consideration of one dollar and other good and lawful considerations, executed and delivered to them a bargain and sale deed of all her real property, but "reserving and excepting unto the grantor herein, for her own use and benefit, a life estate in the whole of said lands hereby granted, for and during the natural life of said grantor, with the right to use, occupy, and control absolutely the said lands and tenements, and to receive, take, and have the rents, issues, and profits thereof so long as she, the said Charlotte Bath, grantor, may live."

The defendants continued to live with plaintiff until January, 1890, when they left her house and went away, claiming that they were compelled by her to do so.

On the day defendants left, John E. Creswell, a stranger to plaintiff, called at her house, and wanted work. She took him in and kept him till March 12th, when she married him.

On May 6, 1890, this action was commenced by Mrs. Creswell and her new husband to have the deed executed by her to defendants set aside and canceled, on

the grounds that it "was signed by plaintiff at the soli-
citations of defendants, and under undue influence ex-
ercised by them upon plaintiff, and with the intent
and purpose on their part of cheating and defrauding
plaintiff"; that the consideration for the conveyance
had failed; "that said conveyance was made by plaintiff
when of the age of seventy years, and when in feeble
state of health, and when in great mental distress, and
at a time when she did not know fully what she was do-
ing, nor realize the effect upon her of the act, to wit, the
execution of said deed"; and that the deed was fraudu-
lent and void, and operated only as a cloud on her title.

The court below found that when the deed was made
the plaintiff was "competent and had sufficient capacity
to convey her estate; that she signed, executed, and de-
livered the said deed voluntarily, of her own will, with-
out solicitation, and free from undue influence; that no
fraud was committed or attempted upon her by defend-
ants, or either of them, to obtain said deed; that the con-
sideration of the deed was the relationship between the
parties, and the coming of defendants from their home
in the state of New Jersey to the home of plaintiff in
California, "and the agreement on the part of said de-
fendants, entered into with good faith by them, to make
their home with said plaintiff, care for her, improve, re-
pair, and make more comfortable and convenient her
home, and attend to her business and affairs, and give
her their companionship and society during the remain-
der of her lifetime"; that defendants came to California
at an expense to themselves of two hundred dollars, and
under plaintiff's direction "took full charge of her busi-
ness and affairs, repaired and improved the dwelling-
house, the home of plaintiff, on said tract of land, by
building three new rooms thereto, at an expense to them-
selves of four hundred dollars, and made their home
with said plaintiff, provided and cared for her, gave her
their companionship and society, and did fully pay, yield,
and render the consideration for said deed for the space
of about eleven months, when they were compelled to

leave said premises and remove therefrom and give up the possession thereof, and to cease living with said plaintiff, caring for, or in any manner providing for or protecting her, or attending to her affairs, by the acts and directions of said plaintiff herself; that plaintiff at said time refused to allow them to do anything for her or to receive any aid from them, and demanded and received sole possession of said premises described in the complaint in this action, by virtue of the estate reserved unto herself in the said deed to the defendants"; that after defendants moved away, and before the commencement of this action, "they offered to return to the said home of plaintiff, or to send her money if she so desired, all of which offers of defendants said plaintiff rejected, and refused to accept; that defendants provided said plaintiff, during the whole of the time that she permitted them to reside with and care for her, with a good and comfortable home, and did in good faith in all things pay, yield, and render the consideration agreed upon for said deed, except as prevented by the acts of said plaintiff."

And as a conclusion of law, the court found that the deed was valid, and operated as a conveyance to the grantees in fee of the remainder, after the life estate reserved to the grantor, of all the lands and premises described in the deed, and that they were the owners thereof.

Judgment was accordingly entered that the plaintiffs take nothing by their action. From that judgment, and an order denying a new trial, the plaintiffs have appealed.

The only specifications found in the statement are that some of the findings were not justified by the evidence. But after carefully reading all of the evidence found in the transcript, we are of the opinion that it was amply sufficient to justify each of the findings. It is true that when the deed was made the grantor was an old lady and alone in the world. She wanted company and care, and had solicited the defendants to come and

live with her, offering to give them all that she had after her death. So far as appears, she was then of sound mind, and able to transact her business understandingly. She went to a lawyer to have him draw the deed, and presumably it was drawn at her dictation and as she wanted it.

The defendants came to this state at an expense of two hundred dollars, and afterwards expended four hundred dollars in repairing and enlarging the house. No offer was made to return any of this money to them. They appear to have acted in good faith, and to have intended to live with and take care of the old lady as long as she should live. That they were unable to do this was not their fault. They left because she had changed her mind and would not permit them to remain. She had reserved a life estate in the property, with a right to its possession, and they could only occupy it with her consent. The deed to them was absolute and without any conditions, but they could exercise no control over the property during her lifetime. After they left, they offered to send her money if she needed it, or to return and rent the farm, and she replied that she had rented the farm and herself with it; she had got married, and they need not trouble themselves about sending her any money. They seem, therefore, to have been fully justified in going and remaining away. And speaking of this action, it was proved that she had said she didn't care which party won it. "All she wanted was the property during her lifetime, and she had that."

Upon the facts shown, we think the court below was right in entering judgment as it did, and we advise that the judgment and order be affirmed.

HAYNES, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are affirmed.

DE HAVEN, J., SHARPSTEIN, J., McFARLAND, J.

Hearing in Bank denied.